ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| CARRINGTON MORTGAGE SERVICES LLC<br><br>Recurrido<br><br>v.<br><br>SUCESIÓN ÁNGEL LUIS RIVERA GÓMEZ Y OTROS<br><br>Peticionario | TA2026CE00657 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CV02337<br><br>Sobre: Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparece el Sr. Luis Joel Rivera Meléndez (señor Rivera Meléndez o peticionario) mediante recurso de *certiorari.* Nos solicita la paralización de una subasta de un bien inmueble localizado en el Municipio de Canóvanas, señalada para el 26 de mayo de 2026. Luego de haber emitido *Sentencia*[1], el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), promulgó una *Orden de Ejecución de Sentencia* el 4 de marzo de 2026, a través de la cual dictó la ejecución de la hipoteca que grava el inmueble en cuestión, según peticionado por Carrington Mortgage Services LLC (Carrington o parte recurrida).[2] Además, requirió al Secretario del TPI la expedición de un mandamiento dirigido al Alguacil para que procediese con la venta de la finca. Expedido el *Mandamiento de Ejecución de Sentencia,* el 12 de mayo de 2026, Carrington compareció mediante escrito al expediente judicial a los fines de acreditar la debida publicación del edicto de subasta.[3]

---

[1] Véase, Entrada Núm. 41 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI); Se desprende del expediente que la *Sentencia* del caso que nos ocupa fue dictada en rebeldía el 12 de enero de 2026, según solicitado por Carrington Mortgage Services LLC, toda vez que la parte demandada no presentó alegación responsiva alguna luego de haber sido emplazada conforme a derecho; Véase, también, Entrada Núm. 40 del SUMAC-TPI.
[2] Véase, Entradas Núm. 47 y 48 del SUMAC-TPI; *Orden de Ejecución de Sentencia* fue notificada el 5 de marzo de 2026.
[3] Véase, Entradas Núm. 49 y 50 del SUMAC-TPI.

Según se desprende del edicto, la subasta de la propiedad en disputa está señalada para el 26 de mayo de 2026, a las 9:30 a.m.[4]

En desacuerdo, el peticionario de epígrafe instó el presente recurso discrecional de *certiorari*[5], al que unió una *Moción Urgente en Auxilio de Jurisdicción y Solicitud de Paralización de Subasta.*[6] Asimismo, presentó una *Solicitud para Declaración de Indigencia.*[7] Resolvemos.

A tenor de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, según enmendado, pág. 15, 215 DPR __ (2025), determinamos prescindir del escrito en oposición.

Atendida la *Moción Urgente en Auxilio de Jurisdicción y Solicitud de Paralización de Subasta* y la *Solicitud para Declaración de Indigencia,* decretamos No Ha Lugar tanto la petición de paralización, como la petición de declaración de indigencia. Evaluado el expediente, al palio de las Reglas 32, 33, 34 y 83 (B) (1) y (C) de nuestro Reglamento, *supra,* la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, y la jurisprudencia interpretativa aplicable, desestimamos el recurso de epígrafe por falta de jurisdicción. Véase, también, *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882-883 (2007); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). El recurso que nos ocupa no solo fue presentado de manera tardía[8], sino que incumple con los requisitos de forma prescritos por el Reglamento de este Tribunal y el ordenamiento procesal vigente para su presentación adecuada y oportuna.

---

[4] Véase, Entrada Núm. 50 del SUMAC-TPI, Anejo 1.

[5] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA); El presente recurso lleva por título *Escrito de Apelación.* Sin embargo, se acoge como un recurso discrecional de *certiorari* por tratarse de un asunto post-sentencia.

[6] Véase, Entrada Núm. 2 del SUMAC-TA.

[7] Véase, Entrada Núm. 3 del SUMAC-TA.

[8] El peticionario recurre de una *Orden* emitida por el 13 de mayo de 2026, y notificada el 14 de mayo de 2026, mediante la que el foro de instancia se da por enterado de la publicación del edicto de subasta. El dictamen que ordena la ejecución de la *Sentencia* fue emitido el 4 de marzo de 2026, y notificado el 5 de marzo de 2026.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones